**STATE of Tennessee, Appellee,**

v.

**Jeffrey A. BIVENS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 17, 1996.

Permission to Appeal Denied by Supreme Court July 7, 1997.

Mike Mosier, Clayton F. Mayo, Jackson, for Appellant.

Charles W. Burson, Attorney General and Reporter, Ellen H. Pollack, Assistant Attorney General, Criminal Justice Division, Nashville, Terrell L. Harris, District Attorney General Pro Tem, Assistant District Attorney, Memphis, Tom Murray, Special Prosecutor, Jackson, for Appellee.

## OPINION

SUMMERS, Judge.

The appellant, Jeffrey Bivens, was convicted on two counts of first degree murder. He was sentenced to life without parole on each count. The sentences were ordered to run consecutively. The appellant presents five issues for review and challenges:

1. The sufficiency of the evidence;

2. The admission of photographs;

3. The admission of forgery evidence;

4. The admission of the medical examiner's statement that both victims' wounds were made by the same person; and

5. The application of statutory enhancement factors.

Upon review, we affirm the judgment as to convictions and sentences in all respects.

### FACTS

The appellant resided with the two victims, his father and grandmother. His grandmother was 81 and physically disabled. The appellant had a history of drug abuse. He was prohibited from driving and subject to a curfew. He resented his restrictions.

In July of 1993, the appellant called his employer. His employer informed him that he was laid off. Later that day, the appellant killed both his father and his grandmother. Both victims were: (1) beaten with a hammer, (2) stabbed multiple times, and (3) slashed across the throat. The appellant took money from his father's billfold and his grandmother's purse. He stole a VCR and his father's car. He then purchased "crack" cocaine and "got high."

### SUFFICIENCY OF THE EVIDENCE

The appellant argues that the evidence was insufficient to sustain his convictions for first degree murder. He maintains that the requisite elements of premeditation and deliberation were not supported by the evidence. He further asserts that his testimony was uncontroverted and established legal provocation. We disagree.

Great weight is accorded jury verdicts in criminal trials. Jury verdicts accredit state's witnesses and resolve all evidentia-

ry conflicts in the state's favor. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn.1983); *State v. Banes,* 874 S.W.2d 73, 78 (Tenn. Crim.App.1993). On appeal, the state is entitled to both the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832 (Tenn.1978). Moreover, guilty verdicts remove the presumption of innocence, enjoyed by defendants at trial, and replace it with a presumption of guilt. *State v. Grace,* 493 S.W.2d 474 (Tenn.1973). Appellants, therefore, carry the burden of overcoming a presumption of guilt when appealing jury convictions. *Id.*

When appellants challenge the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Duncan,* 698 S.W.2d 63 (Tenn.1985); Tenn.R.App.P. 13(e). The weight and credibility of a witness' testimony are matters entrusted exclusively to the jury as the triers of fact. *State v. Sheffield,* 676 S.W.2d 542 (Tenn.1984); *Byrge v. State,* 575 S.W.2d 292 (Tenn.Crim.App.1978).

Upon viewing witness demeanor and listening to the evidence, the jury apparently inferred that the appellant entered the victims' kitchen carrying a hammer. He inflicted numerous blows to the victims' heads. He stabbed the victims multiple times. He slashed their throats. He stole money and other items from the victims' house. He fled the scene in his father's car. He discarded the murder weapons into a river. He drove the car to purchase "crack." He then used the victims' money to purchase "crack." He made inconsistent, implausible, and impeached statements about how the murders occurred.

We find that the evidence lends itself to a reasonable inference that the appellant possessed the requisite premeditation and deliberation. Moreover, upon listening to the testimony at trial, viewing witness demeanor, and considering the witness' testimony in light of all the facts in the case, the jury

chose to discredit the appellant's version. Assessing witnesses' credibility is exclusively the purview of the jury. *State v. Banes,* 874 S.W.2d 73, 78 (Tenn.Crim.App.1993). That the jury rejected the appellant's veracity is not a basis for relief. Accordingly, reviewing the evidence in a light most favorable to the state, we conclude that the record amply supports the jury's verdicts.

## INTRODUCTION OF PHOTOGRAPHIC EVIDENCE

The appellant's second assignment of error is the admission of crime scene photographs. In a related issue, the appellant objects to the admission of photographs depicting the victims while they were alive.

The admissibility of photographs rests within the sound discretion of the trial court. The trial court's decision shall not be overturned unless it affirmatively appears that the admission has affected the results of the trial. *State v. Melson,* 638 S.W.2d 342, 365 (1982); *see also United States v. Brady,* 595 F.2d 359, 361 (6th Cir.1979). "The trend of modern authority is to vest more discretion in the trial court in this respect." *State v. Banks,* 564 S.W.2d 947, 949 (Tenn.1978). Moreover, we cannot substitute our judgment for that of the trial court. *State v. Weaver,* No. 4 (Tenn.Crim.App. Jan. 3, 1985). If we overturn in the absence of an affirmative finding of abuse of discretion and prejudice, we merely supplant the trial judge's judgment with that of our own.

The appellant has not affirmatively demonstrated that admission of the photographic evidence prejudiced the jury verdict. Moreover, the photographs were relevant in rebutting his assertions of provocation and self-defense. The photographs illustrate the position and location of the victims' bodies as well as the nature of the wounds inflicted. The trial court examined each photograph. The court admitted several photographs and excluded others as repetitious or unnecessary. The issues are devoid of merit.

## CHARACTER IMPEACHMENT

The appellant argues that the trial court erred in admitting impeachment evi-

dence. The appellant testified at trial. During cross-examination of the appellant, the state questioned him concerning his passing of bad checks and forgery. The appellant maintains that the probative value of this testimony was outweighed by the prejudicial impact. We disagree.

■ Evidence of dishonest conduct may be admissible to impeach a witness' credibility. Tenn.R.Evid., Rule 608(b). The appellant testified that he killed in self-defense. His credibility was, therefore, at issue. The state offered the evidence to impeach the appellant's veracity. Moreover, in light of the overwhelming evidence and the appellant's incredulous version of the events, the appellant cannot establish prejudice. This issue is without merit.

### EXPERT TESTIMONY

The appellant next alleges that the trial court erred in permitting Dr. Francisco's testimony that both victims' injuries were likely caused by the same person. The appellant argues that the speculative opinion was unsupported by foundation.

■ Expert testimony that different wounds were inflicted by the same person may be admissible provided there is a factual basis supporting the opinion. *State v. West*, 767 S.W.2d 387, 401–02 (Tenn.1989). Dr. Francisco testified that the anatomical location, length, and depth of the victims' neck wounds were similar. He stated that the nature of the wounds were consistent or likely to have been caused by the same person. This issue is without merit.

### SENTENCING

The appellant received consecutive sentences of life without parole. He challenges the trial court's application of Tenn.Code Ann. §§ 39–13–204(I)(5), (6), and (7) to enhance his sentence. He contends that his sentence should be reduced to life with the possibility of parole. We disagree.

1. The appellant hit his father in the head approximately nineteen times with a hammer, stabbed

**Tenn.Code Ann. § 39–13–204(I)(5)**

Aggravating circumstance (I)(5) permits enhancement when "[t]he murder was especially heinous, atrocious, or cruel in that it involved torture or serious physical abuse beyond that necessary to cause death." Tenn.Code Ann. § 39–13–204(I)(5). The appellant argues that circumstance (I)(5) is "vague and incapable of being understood and applied by lay persons." He, therefore, contends that (I)(5) is unconstitutional.

■ The constitutionality of circumstance (I)(5) has been upheld. *See State v. Odom*, 928 S.W.2d 18 (Tenn.1996) (holding (I)(5) constitutional). Application of (I)(5) may be supported by multiplicity of wounds beyond that necessary to cause death, the infliction of gratuitous violence, and needless mutilation. *State v. Smith*, 868 S.W.2d 561, 580 (Tenn.1993).

■ Both victims sustained multiple blunt traumas to the head from the appellant's beating them with a hammer.[1] The blunt traumas were inflicted with sufficient force to penetrate their skulls. Both victims received multiple stab wounds and had their throats cut. Expert testimony established that the appellant's grandmother died from a trauma to her sternum which prohibited her from breathing. Evidence further showed that she sat in an upright position for a period of time following the commencement of the attack. The appellant's father exhibited defensive wounds. Blood splatter evidence indicated that both victims struggled to flee the attacks and survive.

We find that the multiplicity of the wounds beyond that necessary to cause death and the wanton infliction of gratuitous violence support application of circumstance (I)(5). The evidence amply supports a jury inference that the victims remained conscience and struggled for their lives as they were savagely beaten and stabbed. This issue is without merit.

**Tenn.Code Ann. § 39–13–204(I)(6)**

■ Aggravating circumstance (I)(6) permits enhancement when "[t]he murder was

his father five times in the chest cavity, and cut his throat.

committed for the purpose of avoiding, interfering with, or preventing a lawful arrest or prosecution...." Tenn.Code Ann. § 39–13–204(I)(6). The appellant argues that circumstance (I)(6) is not supported by the evidence. We disagree.

 Circumstance (I)(6) may be applicable if at least one motive for the killing was prevention of apprehension. *State v. Smith,* 868 S.W.2d 561, 580–81 (Tenn.1993). In the appellant's statement to the police, he stated that he and his father were fighting. His "grandmother got between [them] and she was struck and fell down on the floor." He stated that his father then "got very upset" and attempted to get Russell Warren. Russell Warren was a sergeant with the Jackson Police Department.

The father's futile attempt to contact Russell Warren is evidence of an attempt to report the assaults. The appellant was, by his own admission, aware of his father's intention to contact the police. The record, therefore, supports a finding that a motive for killing the victims was prevention of lawful arrest. This issue is without merit.

### Tenn.Code Ann. § 39–13–204(I)(7)

 Aggravating circumstance (I)(7) permits imposition of life without parole provided that a premeditated murder was committed during the perpetration of a felony. Tenn.Code Ann. § 39–13–204(I)(7). The appellant avers that his acquittal of felony murder precluded a finding of (I)(7). We disagree.

The jury was instructed that they could either find the appellant guilty of premeditated murder or felony murder but not both. According to the court's instruction, the jury's finding of premeditated murder neither precluded a finding of aggravating circumstance (I)(7) nor was inconsistent with application of (I)(7). *See State v. Smith,* 868 S.W.2d 561, 581 (Tenn.1993) (holding acquittal of felony murder did not preclude application of (I)(7)).

The appellant was convicted of first degree premeditated murder. He stole money and property from the victims to purchase "crack." Application of (I)(7) is amply sup-

ported by the facts of this case. This issue is without merit.

AFFIRMED.

PEAY and HAYES, JJ., concur.