# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs October 3, 2000

## JEFFREY BIVENS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C99-191, Roy B. Morgan, Jr., Judge**

---

**No. W1999-01028-CCA-R3-PC - Filed November 3, 2000**

---

Jeffrey Bivens appeals from the Madison County Circuit Court's denial of his petition for post-conviction relief. Although the petition was filed outside the one year limitations period, the post-conviction court excused the "late-filed" petition "in the interest of justice." Following a hearing upon the merits of the petition, the court denied post-conviction relief. Because the petition was time-barred, the post-conviction court was without jurisdiction to conduct a hearing on the merits. For this reason, dismissal of the petition is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH, J. and ALAN E. GLENN, J., joined.

Scott G. Kirk, Jackson, Tennessee, for the appellant, Jeffrey Bivens.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Lucian D. Geise, Assistant Attorney General, James G. (Jerry) Woodall, District Attorney General, and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant, Jeffrey Bivens, appeals the dismissal of his petition for post-conviction relief by the Circuit Court of Madison County. The appellant was convicted by a jury of two counts of first degree murder and received consecutive sentences of life without parole on each count.[1] His

---

[1] The facts leading to the appellant's convictions as recited in this court's opinion on direct appeal reveal that:
> The appellant resided with the two victims, his father and grandmother. His grandmother was 81 and physically disabled. The appellant had a history of drug abuse. He was prohibited from driving and subject to a curfew. He resented his

(continued...)

conviction was affirmed on direct appeal to this court. See State v. Bivens, 967 S.W.2d 821 (Tenn. Crim. App. 1996), perm. to appeal denied, (Tenn. 1997). A *pro se* petition seeking post-conviction relief was filed by the appellant on May 17, 1999. The appellant collaterally attacked his murder convictions upon numerous grounds including ineffective assistance of counsel, coerced confessions, Brady violations, and judicial misconduct. The State moved to dismiss the petition as barred by the one year statute of limitations. The appellant requested the court excuse the late-filing of the petition explaining that the late-filing was due to appellate counsel's failure to notify him of the supreme court's denial of his Rule 11 application. The post-conviction court "excuse[d] the statute of limitations in this case"[2] and proceeded to hear the petition on its merits. On October 15, 1999, the post-conviction court denied the appellant relief, finding that the appellant "failed to meet his burden of proof as to any and all issues raised in the petition." In this appeal of right, the single issue presented by the appellant for our review is whether the appellant was denied the effective assistance of counsel at trial.[3] We conclude, however, that the dispositive issue is whether the petition is time-barred.

Finding the petition barred by the statute of limitations, we affirm the post-conviction court's dismissal.

Pursuant to Tenn. Code Ann. § 40-30-202(a)(1997),
a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one

_____

[1](...continued)
restrictions.
In July of 1993, the appellant called his employer. His employer informed him that he was laid off. Later that day, the appellant killed both his father and his grandmother. Both victims were: (1) beaten with a hammer; (2) stabbed multiple times; and (3) slashed across the throat. The appellant took money from his father's billfold and his grandmother's purse. He stole a VCR and his father's car. He then purchased "crack" cocaine and "got high."
State v. Bivens, 967 S.W.2d 821, 823 (Tenn. Crim. App. 1996), perm. to appeal denied, (Tenn. 1997).

[2]Specifically, in excusing the late-filed petition, the trial court stated
Many times we see petitions filed years and sometimes filed three and four . . . years past the cutoff. I understand the State's argument, but I feel like under the circumstances, in the interest of justice, this is not one that was tremendously delayed, and counsel is coming in and been very candid that they feel like from their records that they did not send out notice to Mr. Bivens as to the decision rendered by the higher court.

I'm going to allow the petition for post-conviction to proceed . . . .

[3]On appeal, the appellant alleges as grounds for ineffectiveness trial counsel's failure (1) to challenge the suppression of his statement on direct appeal; (2) to object to the State's failure to disclose exculpatory evidence; (3) to obtain expert witnesses; (4) to make timely objections to the introduction of evidence; (5) to object to the bias of the trial court; and (6) to adequately confer with the appellant in preparation for trial.

year of the date on which judgment became final. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen . . . , and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. **Except as specifically provided . . . the right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period.**

Tenn. Code Ann. § 40-30-202(a)(emphasis added). Indeed, beyond the one year statute of limitations, the trial court lacks jurisdiction to hear a petition unless one of three limited exceptions apply.[4] <u>See</u> Tenn. Code Ann. § 40-30-202(b). These exceptions are <u>statutorily</u> limited to the following:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a **constitutional right** that was not recognized as existing at the time of trial, if retrospective application of that right is required. . . .

(2) The claim in the petition is based upon **new scientific evidence** establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was **enhanced because of a previous conviction and** such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the **previous conviction has subsequently been held to be** invalid. . . .

Tenn. Code Ann. § 40-30-202(b)(1), -202(b)(2), -202(b)(3) (emphasis added). Additionally, the limitations period may also be tolled where application of the one year period would offend principles of due process. <u>See</u> <u>Burford v. State</u>, 845 S.W.2d 204, 208-209 (Tenn. 1992).

Although the Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, none of them are applicable to the present case. <u>See</u> Tenn. Code Ann. § 40-30-202(b). Moreover, application of the statute of limitations in this case does not create a procedural trap offending due process. <u>See</u> <u>Burford</u>, 845 S.W.2d at 208-209. <u>See, e.g.</u>, <u>State v. Phillips</u>, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995)(failure to comply with the statute of limitations, even when based upon erroneous advice from an attorney, does not provide an exception).

---

[4]We acknowledge that the Post-Conviction Procedure Act is not a constitutionally mandated procedure. Accordingly, the legislature may properly impose limitations upon the time in which the cause of action arising under the act must be brought.

The judgment in the present case became final on July 7, 1997. Thus, the appellant had until July 7, 1998, to file his petition. The petition, however, was not filed until May 17, 1999, well beyond the applicable statute of limitations. Accordingly, the trial court was without jurisdiction to hear the petition and determine its merits. Moreover, the Post-Conviction Act requires that a petition filed outside the applicable limitations period be summarily dismissed without conducting an evidentiary hearing. See Tenn. Code Ann. § 40-30-206(b) (1997); see also Tenn. Sup. Ct. R. 28, § 6(B)(4)(c).

Accordingly, the post-conviction court lacked jurisdiction to consider the appellant's petition on its merits and was required by statute to dismiss the petition. Although we reach the same result albeit through different means, we affirm the judgment of the post-conviction court denying the appellant post-conviction relief.

                                                _____

                                                DAVID G. HAYES, JUDGE