# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 11, 2011

## STATE OF TENNESSEE v. WANDA F. RUSSELL

**Appeal from the Circuit Court for Rutherford County**
**No. F-62535     David Bragg, Judge**

---

### No.  M2010-00852-CCA-R3-CD - Filed July 7, 2011

---

A Rutherford County jury convicted Appellant, Wanda F. Russell, of three counts of theft over $1,000.  Prior to trial, the State filed a notice that it was intending to introduce Appellant's prior convictions to impeach her testimony.  At the conclusion of a jury-out hearing during trial, the trial court concluded that the State could use Appellant's prior convictions for passing worthless checks pursuant to Rule 609(a)(3) of the Tennessee Rules of Evidence to impeach Appellant.  Appellant elected not to testify.  She now appeals to this Court arguing that the trial court erred in determining that her prior convictions were admissible for impeachment.  We have reviewed the record on appeal.  We have concluded that the trial court did not err in ruling that the prior convictions were appropriate for impeachment of Appellant.  Therefore, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Gerald L. Melton, District Public Defender and Russell N. Perkins, Assistant Public Defender, for the appellant, Wanda F. Russell.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, and Jennings Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

In August 2007 through October 2007, Appellant was an assistant manager at a McDonald's in Smyrna, Tennessee owned by Mark Pelletier. One of the responsibilities of the assistant manager is to prepare and make the cash deposit for the money collected during that assistant manager's shift. If the bank is closed, the assistant manger places the deposit in the night deposit box.

Appellant was responsible for deposits on August 2, 2007, August 30, 2007, October 4, 2007, and October 10, 2007. On August 2, 2007, the restaurant's deposit log showed that Appellant made a deposit of $2,212 using the night deposit box. The bank records did not show that it had received the deposit. Appellant told Mr. Pelletier she had placed the deposit in the night deposit box. The August 30, 2007 deposit was for $1,651.34. The deposit bag was not sealed for this deposit. That is an unusual occurrence. The deposit receipt from the bank showed that the deposit was only for $352.34. On October 4, 2007, Appellant indicated in the restaurant's deposit log that she made a deposit of $2,309.05. However, the bank records did not show that the deposit was made. Appellant told Mr. Pelletier she had placed the deposit in the night deposit box. On October 10, 2007, Appellant indicated in the restaurant's deposit log that a deposit of $1,893.85 was made. The bank had no record of the deposit. On October 11, 2007, Mr. Pelletier terminated Appellant's employment. The bank conducted an investigation and determined that no bank employee had been involved in the missing money. In addition, the third-party company that maintained the night deposit box inspected the box and found no missing deposits lodged in the box.

On January 6, 2009, the Rutherford County Grand Jury indicted Appellant for four counts of theft of over $1,000. On August 14, 2009, the State filed a Notice of Impeaching and Enhancing Convictions listing prior convictions the State intended to use to impeach Appellant during trial pursuant to Rule 609 of the Tennessee Rules of Evidence. The State listed a conviction for theft under $500 and two convictions for passing worthless checks.

At trial on October 14, 2009, in a jury-out hearing, the State and Appellant presented arguments regarding the State's intended use of the impeaching convictions. The State conceded that the theft conviction was over ten years old and, therefore, outside the time limitation under Rule 609 for use as an impeaching conviction. However, the State argued that it should be allowed to use the convictions for passing worthless checks. The trial court ruled that the State could use the convictions to impeach Appellant and found that "the

convictions probative value outweigh[s] their unfair prejudicial effect because they are not related to the crime of theft; although, they are crimes of dishonesty."

Appellant decided not to testify at trial. At the conclusion of the trial, the jury found Appellant guilty of three counts of theft and not guilty of one count of theft. On December 11, 2009, the trial court sentenced Appellant to three years for each conviction to be served concurrently as a Range I, standard offender. The trial court ordered Appellant to serve ninety days in incarceration with the remainder of her sentence to be served on probation. Appellant filed a timely notice of appeal.

## ANALYSIS

Appellant's sole issue on appeal is that the trial court erred in ruling that the State could use the convictions for passing worthless checks to impeach Appellant pursuant to Rule 609. The State argues that the trial court did not err.

Rule 609 of the Tennessee Rules of Evidence states that the credibility of a witness may be attacked by evidence of prior convictions if certain prerequisites are met. First, the conviction must be punishable by death or imprisonment over one year or must involve a crime of dishonesty or false statement. Tenn. R. Evid. 609(a)(2). Secondly, if the witness to be impeached is a criminal defendant, the State must give notice prior to trial of its intent to use the conviction for impeachment. Tenn. R. Evid. 609(a)(3). Finally, upon request, the court must determine that the probative value of the prior conviction on the issue of credibility outweighs its prejudicial effect on substantive issues. Tenn. R. Evid. 609(a)(3). Rule 609(b) also requires that the convictions have been within the ten years previous to a defendant's current charge.

Thus, Rule 609(a)(3) of the Tennessee Rules Evidence grants special treatment to criminal defendants when it comes to impeachment with prior convictions. The reason for this is obvious. There is a concern that if a jury knows of a defendant's previous criminal record, the panel might conclude that the defendant has a propensity to commit crimes and convict on this basis rather than on the evidence of the charges before them. This concern is greatly heightened when all or some of the prior convictions are for crimes identical to those for which the defendant is on trial. *State v. Walker*, 29 S.W.3d 885, 891 (Tenn. Crim. App. 1999). Therefore, Rule 609(a)(3) serves as a screening mechanism whereby prior convictions are admitted for impeachment when the potential for undue prejudice is outweighed by the probity of the conviction on the question of the defendant's credibility. Conversely, even prior convictions with a great deal of probity on the question of the defendant's credibility are often ruled inadmissible as impeachment material because the danger of undue prejudice is too great.

In determining whether the probative value of a prior conviction on the issue of credibility outweighs its unfair prejudicial effect on the substantive issues, a trial court should first analyze whether the impeaching conviction is relevant to the issue of credibility. *See State v. Waller*, 118 S.W.3d 368, 371 (Tenn. 2003). Moreover, "[i]mpeachment cannot be a 'mere ruse' to present to the jury prejudicial or improper testimony." *State v. Jones*, 15 S.W.3d 880, 892 (Tenn. Crim. App. 1999) (quoting *State v. Roy L. Payne*, No. 3C01-9202-CR-45, 1993 WL 20116, at *2 (Tenn. Crim. App., at Knoxville, Feb. 2, 1993)). Finally, upon request, the court must determine that the probative value of the prior conviction on the issue of credibility outweighs its prejudicial effect on substantive issues. Tenn. R. Evid. 609(a)(3). A trial court's decision under this rule will not be overturned absent an abuse of discretion. *State v. Mixon*, 983 S.W.2d 661, 675 (Tenn. 1999).

Appellant specifically argues that a conviction for passing a worthless check "does not necessarily involve false statement, and . . . that it does not necessarily involve dishonesty, since the action involved could occur as the result of mistake or neglect . . . ." However, Tennessee Code Annotated section 39-14-121 states that "A person commits [the offense of passing a worthless check] who, with fraudulent intent or knowingly . . . issues or passes a check . . . knowing at the time there are not sufficient funds . . . ." T.C.A. § 39-14-121(a)(1)(A). Clearly, under the statute, the trier of fact must conclude that the defendant has not "made a mistake" but instead has knowingly intended to pass a check for which there is no money on deposit with the bank. In addition, this Court has previously held that passing a worthless check is dishonest conduct and an appropriate conviction for impeachment pursuant to Rule 609(a)(3). *See State v. James Simonton*, No. E2006-01529-CCA-R3-CD, 2007 WL 3379791, at *11-13 (Tenn. Crim. App., at Knoxville, Nov. 15, 2007); *State v. James Bradley Warner*, No. M2001-01371-CCA-R3-CD, 2002 WL 464834, at *3-5 (Tenn. Crim. App., at Nashville, Mar. 26, 2002), *perm. app. denied*, (Tenn. Sept. 16, 2002); *State v. Scott Wyatt*, No. M1998-00470-CCA-R3-CD, 1999 WL 1266338, at *4 (Tenn. Crim. App., at Nashville, Dec. 29, 1999), *perm. app. denied*, (Tenn. Jul. 31, 2000); *State v. Bivens*, 967 S.W.2d 821, 825 (Tenn. Crim. App. 1996).

Appellant also argues that the trial court erred because the prejudicial effect of the prior convictions outweigh the probative value. We have already determined that passing worthless checks is a crime of dishonesty. Had Appellant testified, her credibility would have been at issue. Because the probative value of the crime to the defendant's credibility outweighs any prejudice and the fact that the worthless check convictions were dissimilar to the theft at issue in this case, we conclude that the trial court did not abuse its discretion in ruling the convictions admissible for impeachment purposes.

## CONCLUSION

For the foregoing reasons, we affirm the judgments of the trial court.


_____
JERRY L. SMITH, JUDGE